

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00061-CR

REBECCA LEEANN HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29286

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Rebecca Leeann Hill pled guilty to engaging in organized criminal activity.[1] Pursuant to a plea bargain agreement with the State, Hill was sentenced to ninety days in the county jail. The trial court certified that this was a plea-agreement case and that Hill had no right of appeal; nonetheless, Hill, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Hill's plea bargain with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal . . . .

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Hill either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Hill's right of appeal indicates that she has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

---

[1] *See* TEX. PENAL CODE ANN. § 71.02 (Supp.).

We informed Hill of this apparent defect in our jurisdiction over her appeal and afforded her an opportunity to respond and, if possible, cure such defect. Hill did not respond to our jurisdictional defect letter.

Because Hill has no right of appeal as a result of her plea bargain with the State and because the trial court's certification correctly indicates that she is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Justice

Date Submitted:     July 26, 2021
Date Decided:       July 27, 2021

Do Not Publish

3